# EXHIBIT A

**MORGAN & MORGAN**
**PHILADELPHIA PLLC**
By: Keith V. Bauerle, Esquire
keith.bauerle@forthepeople.com
Identification No. 87390
2005 Market St, Suite 600
Philadelphia, PA 19103
(215) 861-0506 (Phone)
(267) 780-2959 (Fax)

*Attorney for Plaintiff*

Filed and Attested by the
Office of Judicial Records
24 FEB 2026 10:22 am
B. BALILONIS

**TAYLOR MCINTYRE**,
238 S Whitfield St,
Nazareth, PA 18064
Plaintiff,
v.
**WALMART SUPERCENTER #2252**
3722 Easton Nazareth Hwy,
Easton, PA 18045
And
**WAL-MART STORES EAST, LP**
1 Customer Drive
Bentonville, AR 72712
And
**ABC COMPANIES, INC. 1-5**
(fictitious corporations),
Defendants.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

CIVIL TRIAL DIVISION

NO.

JURY TRIAL DEMANDED

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyers' Referral Service of the
Philadelphia Bar Association
LAWYER REFERRAL & INFO.
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

## COMPLAINT IN CIVIL ACTION

### I. PARTIES

1. Plaintiff, Taylor McIntyre, is an adult individual residing at 238 S Whitfield St., Nazareth, Pennsylvania 18064.

2. Defendant, Walmart Supercenter Store No. 2252, located at 3722 Nazareth Road, Easton, Pennsylvania 18045, is a business entity/location at which the incident occurred and through which Walmart entities conducted retail operations open to the public at all relevant times.

3. Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership registered to do business in Pennsylvania, with a principal address at 1 Customer Drive, Bentonville, Arkansas 72716.

4. Upon information and belief, Defendant Wal-Mart Stores East, LP, owned, leased, operated, managed, maintained, or controlled the Walmart Supercenter located at 3722 Nazareth Road, Easton, Pennsylvania 18045, at all times material.

5. Defendants systematically and regularly conduct business in Philadelphia with several locations in that county, *to wit*:

(a) 1675 S. Christopher Columbus Blvd, Philadelphia, PA;

(b) 9745 Roosevelt Blvd, Suite A, Philadelphia, PA.

6. Defendant, ABC Companies 1–5 are business entities, the exact names and legal forms of which are presently unknown to Plaintiff despite due diligence, which at all times material hereto owned, operated, leased, managed, maintained, controlled, provided security for, and/or otherwise had responsibilities regarding the Walmart Supercenter located at 3722 Nazareth Road, Easton, Pennsylvania 18045.

7. Upon information and belief, the negligent, careless, reckless, and/or otherwise wrongful acts and omissions of ABC Companies 1–5 caused or contributed to Plaintiff's injuries; Plaintiff will amend this Complaint to substitute the true names of ABC Companies 1–5 once their identities and precise roles are ascertained through discovery.

## II. INJURIES AND DAMAGES

**8.** As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff sustained the following injuries, including but not limited to, some or all of which may be permanent:

a. transient bilateral vision loss with persistent left eye floaters;

b. complete bilateral blindness lasting ~5 minutes, resolving spontaneously;

c. exertional chest pain episodes;

d. cerebral aneurysm on annual neurosurgical surveillance;

e. aggravation of pre-existing migraine condition;

f. light and sound sensitivity;

g. nausea and occasional dizziness;

h. facial swelling;

i. Severe shock, strain, and/or sprain of the muscles, ligaments, tendons, nerves, tissues, and vessels of the musculoskeletal system; and

j. Other serious and/or permanent injuries as the medical records may reveal, the exact nature of which are not known at this time.

**COUNT 1 –NEGLIGENCE**
**TAYLOR MCINTYRE V. ALL DEFENDANTS**

9. Plaintiff is an adult resident who was lawfully on Defendants' premises at the Walmart Supercenter located at 3722 Nazareth Road, Easton, PA 18045 on June 4, 2025.

10. While on the premises and moving toward the toiletry section, Plaintiff was confronted and then attacked by three women inside the store, sustaining blows primarily to her head and face, and her young son was also struck.

11. Plaintiff promptly notified store employees, but Walmart employees refused to intervene or call the police; Plaintiff's mother ultimately called 911 and EMS transported the family to the hospital.

12. Defendants owned, operated, managed, maintained, and/or controlled the premises and owed Plaintiff a duty to maintain the property in a reasonably safe condition, to exercise ordinary care, to protect patrons from reasonably foreseeable actions of dangerous customers and parties, and to act reasonably in response to ongoing dangerous conditions.

13. Defendants breached their duties by, i*nter alia*:

a. failing to provide adequate security presence;

b. failing to monitor and respond to escalating threats;

c. allowing known aggressors to confront and assault a customer;

d. failing to timely contact law enforcement; and

e. failing to implement reasonable policies and training to protect invitees.

14. Defendants' conduct, as described, was negligent, careless, and reckless, given the known and escalating risk inside the store and refusal to act, reckless under the circumstances.

15. As a direct and proximate result, Plaintiff suffered injuries including a diagnosed brain aneurysm, headaches, facial bruising, and visual symptoms, requiring emergency and follow-up care.

16. Plaintiff incurred medical expenses, including emergency department services, imaging, neurology follow-up, and related charges.

**COUNT II – NEGLIGENT SECURITY**
**TAYLOR MCINTYRE V. ALL DEFENDANTS**

17. Plaintiff incorporates the preceding paragraphs as if fully set forth.

18. Defendants operated a high-traffic retail premises where altercations and disorderly conduct are reasonably foreseeable, creating a duty to implement reasonable security measures, including trained security personnel, monitoring of aisles, incident response, and prompt notification of law enforcement when threats or assaults occur.

19. On June 4, 2025, three Walmart customers confronted and attacked Plaintiff inside the store after escalating threats, and employees/security failed to intervene, failed to summon police, and allowed the assailants to return and attack again, evidencing inadequate security policies, staffing, and response.

20. Defendants breached their duty by failing to:

a. staff and deploy adequate security;

b. monitor and respond to in-store threats;

c. enforce policies to deter and prevent foreseeable criminal acts;

d. promptly contact law enforcement; and

e. protect invitees from known assailants on the premises.

21. Defendants' negligent security was a factual and legal cause of Plaintiff's injuries, including head and facial trauma and a later-diagnosed brain aneurysm with headaches and visual symptoms, leading to ED visits, imaging, neurology care, and bills.

**COUNT III – FAILURE TO RENDER AID**
**TAYLOR MCINTYRE V. ALL DEFENDANTS**

22. Plaintiff incorporates the preceding paragraphs.

23. After the assault began inside the store, Plaintiff and her minor child were in apparent and immediate peril; Plaintiff notified store employees, who refused to intervene or call police.

24. Defendants owed a duty, arising from their control of the premises and the existence of an acute, on-premises medical and safety emergency affecting invitees, to take reasonable steps to render aid or obtain aid, including promptly summoning law enforcement and EMS.

25. Defendants breached this duty by failing to render reasonable assistance and by refusing to contact emergency services during and immediately after the assaults, thereby increasing the risk of harm and delaying emergency intervention.

26. As a direct and proximate result, Plaintiff suffered injuries and damages, including head and facial trauma and subsequent diagnosis of a brain aneurysm with headaches and visual deficits, along with medical expenses and other losses.

**WHEREFORE,** Plaintiff demands judgment against all Defendants for compensatory damages, interest, costs, and such further relief as the Court deems just.

Respectfully submitted,
**MORGAN & MORGAN**
**PHILADELPHIA PLLC**

Date: February 19, 2026

By: */s/ Keith V. Bauerle*
Keith V. Bauerle, Esquire
*Attorney for Plaintiff*

# VERIFICATION

I, Taylor McIntyre, Plaintiff herein, hereby verify that the averments of fact contained in the foregoing Complaint in Civil Action are true and correct and based upon my personal knowledge, information, or belief. The specific language is that of counsel. I understand that these averments of fact are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date: 2/19/2026 | 10:57 PM EST

Taylor McIntyre